UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

**CIVIL NO. 1:14-cv-3073-RBJ**

**JACK BAHR, Individually and On Behalf
of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**MESA PRODUCTION, LLC, SCOTT
HUSKEY, AND CHARLIE SCHMIDT,**

**Defendants.**

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT & JURY DEMAND

---

### SUMMARY

1.    Defendants Mesa Production, LLC, Scott Huskey, and Charlie Schmidt ("Defendants") required Plaintiff Jack Bahr ("Plaintiff") to work more than forty (40) hours in a workweek as a flow tester. Plaintiff is an hourly paid employee who monitors oil and gas wells. Defendants misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked. Defendants also failed to pay Plaintiffs for all hours worked. Defendants also misclassified hundreds of other flow testers as independent contractors and failed to pay them overtime pay and for all hours worked.

1

2. Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. 216(b). Members of the collective action are referred to hereinafter as the "**FLSA Class Members**."

3. Defendant Mesa Production, LLC is headquartered in and organized under the laws of Colorado. Defendants Scott Huskey and Charlie Schmidt are residents of Colorado and owners of Defendant Mesa Production, LLC. Plaintiff Bahr worked for Defendants in Colorado. However, Defendants dispatch their flow tester workforce to numerous states across the United States, including Colorado, Utah, and New Mexico.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. § 216(b).

5. Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Jack Bahr is an individual residing in Mesa County, Colorado. Plaintiff's written consent to this action has been previously filed. Plaintiff performed work for Defendants in Colorado within the last three years.

7. The **FLSA Class Members** are all current and former hourly-paid workers who performed work for Defendants associated with monitoring and maintaining oil and gas wells

throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

8.     Defendant Mesa Production, LLC is a domestic limited liability company doing business in multiple states, including Colorado, Utah, and New Mexico.  This Defendant has been served process and made an appearance in this case through its counsel.

9.     Defendant Scott Huskey is an individual and an Owner of Defendant Mesa Production, LLC.  This Defendant has been served process and made an appearance in this case through his counsel.

10.    Defendant Charlie Schmidt is an individual and an Owner of Defendant Mesa Production, LLC.  This Defendant has been served process and made an appearance in this case through his counsel.

11.    The Court has personal jurisdiction over Defendants because they are residents of Colorado.

## COVERAGE

12.    At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

13.    At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

14.    At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

17. Defendants provide oil and gas well monitoring services to energy companies nationwide.

18. Defendants employ their workforce to monitor oil and gas wells in multiple states including Colorado, Utah, and New Mexico.

19. Defendants' principal business operations occur in Colorado.

20. Defendants operate in more than one city in Colorado.

21. Defendants operate in more than one state in the United States.

22. Plaintiff and FLSA Class Members are employed by Defendants as flow testers. Their primary duties consist of monitoring oil and gas wells.

23. Plaintiff and FLSA Class Members worked on a regular basis for Defendants at various oil and gas well locations, monitoring such oil and gas wells.

24. Plaintiff Jack Bahr worked for Defendants' sole benefit monitoring oil and gas wells at multiple locations throughout Colorado.

25. While working for Defendants at these various locations, Plaintiff Jack Bahr interacted with and became familiar with the way Defendants treats their other employees with respect to overtime pay and that they misclassify such workers as independent contractors.

Therefore, Plaintiff Jack Bahr has first-hand personal knowledge of the same pay violations throughout Defendants' operation at multiple geographical locations.

26. Defendants paid Plaintiff and FLSA Class Members on an hourly basis.

27. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and FLSA Class Members.

28. In addition, Defendants instructed Plaintiff and FLSA Class Members about when, where, and how they were to perform their work.

29. Moreover, the following conduct further demonstrates that Defendants acted as an employer with respect to Plaintiff and the FLSA Class Members:

    a. Defendants required Plaintiff and FLSA Class Members to turn in the hours or days they worked once a week or bi-weekly just like normal hourly-paid or day rate employees (Defendants conveniently labeled these time sheets "invoices" to further their misclassification ruse);

    b. Defendants paid Plaintiff and FLSA Class Members on a non-negotiable hourly or day rate Defendants unilaterally set;

    c. Defendants required Plaintiff and FLSA Class Members to report to their assigned well at a set time;

    d. Defendants decided the well to which the flow testers would be assigned;

    e. Defendants required Plaintiff and FLSA Class Members to request time off in advance and have that time off preapproved;

    f. Defendants issued work orders to Plaintiff and FLSA Class Members;

g. Defendants provided safety training to Plaintiff and FLSA Class Members which included instruction on how to perform their work;

h. Defendants assigned Plaintiff and FLSA Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company while working for Defendants;

i. Defendants controlled the amount of hours Plaintiff and FLSA Class Members worked;

j. Defendants dictated the locations at which Plaintiff and FLSA Class Members worked;

k. Defendants required Plaintiff and FLSA Class Members to work more than forty (40) hours per workweek, and typically Plaintiff and Class Members worked more than seventy (70) hours per workweek;

l. Plaintiff and FLSA Class Members' services were integrated into Defendants' operations in that Defendants product to its customer was the exact service performed by the flow testers;

m. Plaintiff and FLSA Class Members were required to perform their work in an order set by Defendants, such as filling out flow test reports on the hour, every hour;

n. Plaintiff and FLSA Class Members worked for Defendants for long periods of time, often months or years, as is common with employees;

o. Defendants had rules that Plaintiff and FLSA Class Members were required to follow when performing their jobs;

      p.  Defendants tracked the hours and days worked by Plaintiff and FLSA Class Members; and

      q.  Defendants maintained the right to discharge Plaintiff and FLSA Class Members at will.

30.    Furthermore, the degree of investment Plaintiff and FLSA Class Members made to perform their work pales in comparison to the expenses Defendants incurred.  Plaintiff and Class Members were required to supply simple hand tools, such as wrenches.  On the other hand, Defendants provided equipment worth hundreds of thousands of dollars including sand traps, water pumps, earth moving equipment, flowback tanks, generators, valves, gauges, pipe, light plants, generators, and flare stacks.

31.    A majority of Defendants' annual revenue is derived from work performed by Plaintiff and FLSA Class Members.

32.    Despite these facts, Defendants improperly classified Plaintiff and FLSA Class Members as independent contractors and not employees.

33.    Defendants classified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendants' operational costs to its work force.

34.    However, at all times, the flow testers and other similarly situated workers were employees of Defendants for the reasons stated above.

35. Defendants did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

36. Instead, Defendants paid Plaintiff a flat hourly rate for all hours worked, regardless of how many hours he actually worked.  Additionally, Defendants did not compensate Plaintiff at all for a significant number of hours he spent working each week because Defendants placed a cap on the number of hours he could report working each day or week.

37. That is, Defendants paid Plaintiff and FLSA Class Members straight time for overtime on their reported hours and nothing for the time they spent working during the hours they were not permitted to record or report.  Defendants knew or should have known that Plaintiff worked these additional hours.

38. No federal or state exemption applies to hourly-paid or day rate employees such as Plaintiff and FLSA Class Members.

39. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

40. Defendants' conduct is all the more egregious because they intentionally set up a paper profile that belied the true interaction and conduct of the company and its workforce. For example, Defendants insisted that its workers submit euphemistically-titled "invoices," not time sheets.  Defendants required their workers to complete other paper work which Defendants intended to, on the surface, give the impression that their workforce was composed of independent contractors.  In reality, Defendants operated as an oil and gas monitoring company and sold their services through a workforce of employees.

41. That is, Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Accordingly, Defendants' violations of the FLSA were willful.

42. At all times relevant to this action, Defendants Scott Huskey and Charlie Schmidt controlled the nature, pay structure, and employment relationship of the Plaintiff and FLSA Class Members.

43. At all times relevant to this action, Defendants Scott Huskey and Charlie Schmidt had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally Defendants Scott Huskey and Charlie Schmidt were responsible for the day-to-day affairs of Defendant Mesa Production, LLC. In particular they were responsible for determining compliance with the FLSA.

44. As such, pursuant to 29 U.S.C. § 203(d), Defendants Scott Huskey and Charlie Schmidt act directly or indirectly in the interest of Plaintiff and the FLSA Class Members as their employer, which makes them individually liable under the FLSA.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

49. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

50. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants.

51. Other hourly paid workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek. Also, like Plaintiff, these other workers were not paid for all hours worked.

52. Although Defendants permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants has denied them full compensation for their hours worked over forty (40).

53. Defendants have classified and continue to classify FLSA Class Members as independent contractors.

54. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

55. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

56. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

57. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

58. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

59. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

60. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

61. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

62. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former workers who performed flow testing services for oil and gas wells serviced by Mesa Production, LLC

from _____, 2012 [three years prior to date of mailing class notice] to _____, 2015 [date of mailing].

## DAMAGES SOUGHT

63. Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation and unpaid regular pay and overtime pay for all hours that were completely uncompensated by Defendants.  29 U.S.C. §§ 207, 216.

64. Plaintiff and the Class Members and are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

65. Plaintiffs and the Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

## JURY DEMAND

66. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

67. For these reasons, Plaintiff and the FLSA Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

                                         RESPECTFULLY SUBMITTED,

                                         KENNEDY HODGES, L.L.P.

                                   By:   /s/ Galvin B. Kennedy
                                                Galvin B. Kennedy
                                                Gkennedy@kennedyhodges.com
                                                Texas State Bar No. 00796870
                                                711 W. Alabama St.
                                                Houston, TX 77006
                                                Telephone: (713) 523-0001
                                                Facsimile: (713) 523-1116

                                         LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
Udyogi Hangawatte
uhangawatte@kennedyhodges.com
California Bar No. 268149
John Neuman
jneuman@kennedyhodges.com
Texas Bar No. 24083560
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**CERTIFICATE OF SERVICE:**

   This is to certify that on March 9, 2015 I filed the foregoing instrument on the CM/ECF system for the District of Colorado, which will caused to be served a true copy on all parties of record.

                /s/ Galvin B. Kennedy
                Galvin B. Kennedy