IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03073-RBJ-CBS

JACK BAHR, Individually and On Behalf of All Others Similarly Situated,

 Plaintiff,

v.

MESA PRODUCTION, LLC,
SCOTT HUSKEY, and
CHARLIE SCHMIDT,

 Defendants.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

 Plaintiff Jack Bahr ("Plaintiff"), individually and on behalf of all other similarly situated class members, Defendants Mesa Production LLC ("Mesa"), Scott Huskey, and Charlie Schmidt (collectively, "Defendants") hereby submit this Joint Motion for Approval of Settlement ("Motion"). In support of their Motion, the parties state as follows:

**I. Background and Procedural History**

 Plaintiff's First Amended Collective Action Complaint & Jury Demand ("Complaint") (ECF No. 27) is the governing pleading at this time. In the Complaint, Plaintiff alleges violations of the Fair Labor Standards Act (the "FLSA") by Defendants. Specifically, Plaintiff alleges that Defendants improperly classified him and other similarly situated individuals as independent contractors, when in fact they were employees, and Defendants failed to pay overtime pay as required under the FLSA. Defendants answered the Complaint (ECF No. 29) and denied any liability under the FLSA.

Pursuant to the parties' stipulation, the class was conditionally certified and notices sent to eligible class members. Oscar Del Toro ("Del Toro"), Sean McClary ("McClary"), and Dewey Wait ("Wait") all timely filed consents to join the case as opt-in plaintiffs (Plaintiff, Del Toro, McClary, and Wait each a "Class Member").

The parties have agreed to settle the case. *See* Settlement Agreement, attached as Exhibit A. Without admission of liability, as part of the settlement, Mesa shall pay each Class Member the full amount of overtime pay allegedly owed to such Class Members; Mesa also shall pay an amount representing liquidated damages and attorney's fees and costs. *Id.* In exchange for the settlement amount, each Class Members agrees to settle, waive and release all of his compensation-related claims, including FLSA claims. *Id.* The parties have agreed that Mesa shall pay this amount in six monthly installments and request that this action be stayed pending full payment of the settlement amount. *Id.*

## II.    Argument

Court cases have established that an employee's rights under the FLSA are not waivable where the hours worked and amounts owed are undisputed. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Therefore, to be valid, a settlement and release of claims by an employee claiming amounts pursuant to the FLSA requires the existence of a "*bona fide* dispute" regarding the number of hours worked or computation of the employee's pay. *See, e.g., Picerni v. Bilingual Seit & Preschool, Inc.,* Case No. 12 CIV 4938 BMC, 2013 WL 646649 at *3 (E.D.N.Y. Feb. 22, 2013).

In addition, it is generally accepted that even where a *bona fide* dispute exists, the settlement should be supervised by the Secretary of Labor or scrutinized by the district court for

2

fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). If the settlement reflects a reasonable compromise over issues such as the computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id*. at 1354. The parties have not located any authority from the Court of Appeals for the Tenth Circuit regarding the factors it would consider in determining the fairness of a settlement of individual claims under the FLSA. However, the factors considered in determining the fairness of a class action settlement are relevant, including the following: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Courts in other jurisdictions considering specifically settlement of FLSA claims have also identified the following factors: (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005).

Here, there is a *bona fide* dispute, as Defendants maintain that the Class Members are not covered under the FLSA because they are independent contractors. Even if the Class Members are employees, and not independent contractors, the parties also dispute whether any violation of the FLSA was willful such that the Class Members are entitled to seek as damages overtime pay

3

accrued during a three year period, or only a two-year period. The parties agree that there is conflicting evidence in this regard and that resolution of these issues would require significant litigation.

In addition, the proposed settlement is fair and reasonable. The parties were both represented by experienced counsel who negotiated the settlement at arms' length. There were questions of law and fact involving the status of the Class Members. The parties have determined that the prospect of immediate recovery outweighs the mere possibility of future relief, particularly since the amounts at issue are relatively small. There is no fraud or collusion behind the settlement. Finally, the amount of the settlement is in full satisfaction of the overtime pay amounts sought by the Class Members, with additional amounts for liquidated damages and attorneys' fees. Given the early stage of the litigation, this represents a fair and reasonable compromise of the Class Members' claims.

WHEREFORE, the parties respectfully request that the Court approve the parties' settlement pursuant to 29 U.S.C. §216(b) and stay the case pending full payment of the settlement amount. Upon the Court's approval of the settlement and completion of all payment obligations, the parties will file a stipulation of dismissal.

Dated:  September 16, 2015.

   *s/Udyogi Apeksha Hangawatte*
Galvin B. Kennedy
Udyogi Apeksha Hangawatte
Kennedy Hodges, L.L.P.
711 W. Alabama Street
Houston, TX 77006
Telephone:  (713) 523-0001
Facsimile: (713) 523-1116
Email: gkennedy@kennedyhodges.com
      uhangawatte@kennedyhodges.com

Attorneys for Plaintiff Jack Bahr


   *s/Brett C. Painter*
Brett C. Painter
Nathalie A. Bleuzé
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth St., Suite 500
Denver, Colorado 80202
Telephone:  (303) 892-9400
Facsimile: (303) 893-1379
Email: brett.painter@dgslaw.com
      nathalie.bleuze@dgslaw.com

Attorneys for Defendants
Mesa Production, LLC, Scott Huskey, and
Charlie Schmidt

5