## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made by and among (i) Jack Bahr, on behalf of himself and on behalf of all similarly situated class members,("Bahr"); (ii) Oscar Del Toro ("Del Toro"); (iii) Sean McClary ("McClary"); (iv) Dewey Wait ("Wait") (Bahr, Del Toro, McClary, and Wait each a "Plaintiff" and collectively "Plaintiffs"); (v) Mesa Production, LLC ("Mesa"); (vi) Scott Huskey ("Huskey"); and (vii) Charlie Schmidt ("Schmidt") (Mesa, Huskey, and Schmidt each a "Defendant" and collectively the "Defendants"). Defendants and Plaintiffs are referred to collectively as the "Parties" and individually as a "Party."

WHEREAS, Bahr, individually and on behalf of all similarly situated class members, commenced an action against Defendants in the United States District Court for the District of Colorado, where it was designated Civil Action No. 14-cv-03073-RBJ-CBS (the "Lawsuit") alleging claims under the Fair Labor Standards Act ("FLSA") and Colorado wage and hour laws for overtime pay.

WHEREAS, Defendants answered Bahr's allegations in the Lawsuit, denied any improper or unlawful conduct, and denied Bahr is entitled to any relief whatsoever.

WHEREAS, the court in the Lawsuit conditionally certified a class for the purposes of a FLSA collective action, notices were distributed to eligible class members, and Del Toro, McClary, and Wait filed consents to opt in to the case as Plaintiffs.

WHEREAS, the Parties to this Agreement wish to (i) settle and compromise all their disputes and differences, whether known or unknown, asserted or unasserted, and (ii) provide for the dismissal with prejudice of the Lawsuit.

WHEREAS, this Agreement is executed in conjunction with the settlement of the Lawsuit, but the scope of this Agreement is broader than the Lawsuit. The Parties intend by this Agreement to settle all matters between them, including all claims, causes of action, and counterclaims whatsoever, relating to or arising out of any acts or events relating to each Plaintiffs' hours, pay, and compensation, including claims asserted under the FLSA and Colorado wage and hour laws, as alleged in the Plaintiffs' Original Class and Collective Action Complaint & Jury Demand.

NOW, THEREFORE, in consideration of the mutual promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

### TERMS

1.   Effective Date. This Agreement shall become effective ("Effective Date") on the date that (a) all of the Parties have signed this agreement, and (b) the Court presiding over the Lawsuit has approved the principal terms of this Agreement.

2.   Payment. The Parties have agreed to a settlement in the total gross amount of thirty thousand dollars ($30,000) (the "Gross Settlement Amount"), which includes full

**Exhibit A**

compensation of alleged unpaid overtime wages, liquidated damages, and attorneys' fees and costs. Mesa will pay the Gross Settlement Amount in six monthly installments of five thousand dollars ($5,000) each. Each installment shall consist of a check made payable to "Kennedy Hodges LLP" and delivered to the attention of Galvin Kennedy, Kennedy Hodges LLP, 711 W. Alabama Street, Houston, TX 77006. Mesa will deliver the first installment check within ten (10) business days of the Effective Date of this Agreement and will deliver the five (5) remaining payments on a monthly basis thereafter. Plaintiffs' counsel shall be solely responsible for allocating and remitting each installment payment of the Gross Settlement Amount to each Plaintiff and Plaintiffs' counsel. Mesa shall not make any withholdings or deductions from the Gross Settlement Amount. Plaintiffs shall be solely responsible for any taxes, deductions, or withholdings that may be associated with any payment under this Agreement.

      3.    <u>Released Parties and Released Claims</u>.

      a.    Except for claims to enforce this Agreement, each Plaintiff (individually and on behalf of any class members the Plaintiff represents, if applicable), for Plaintiff and for Plaintiff's affiliates, successors, heirs, subrogees, assigns, principals, agents, partners, employees, associates, attorneys, and representatives, voluntarily, knowingly, and intentionally releases and discharges each Defendant and his or its predecessors, successors, parents, subsidiaries, insurers, affiliates, and assigns and each of their respective officers, directors, principals, shareholders, agents, attorneys, board members, and employees (the "Released Parties") from any and all claims, actions, liabilities, demands, rights, damages, costs, expenses, and attorneys' fees (including, but not limited to, any claim of entitlement for attorneys' fees under any contract, statute, or rule of law allowing a prevailing party or plaintiff to recover attorneys' fees), of every kind and description, relating to each Plaintiff's hours, pay, and compensation, arising prior to the Effective Date (the "Released Claims").

      b.    The Released Claims include, but are not limited to, those which arise out of, relate to, or are based upon: (i) the rate and payment of wages in connection with each Plaintiff's provision of services to any Defendant or the termination thereof, (ii) statements, acts, or omissions by the Released Parties whether in their individual or representative capacities relating to each Plaintiff's hours, pay, and compensation, (iii) express or implied agreements between any Plaintiff and the Released Parties relating to each Plaintiff's hours, pay, and compensation, (v) all federal, state, and municipal statutes, ordinances, and regulations relating to each Plaintiff's hours, pay, and compensation, and (vii) any claim which was or could have been raised by any Plaintiff in the Lawsuit.

      4.    <u>Unknown Facts</u>. This Agreement includes claims of every nature and kind, known or unknown, suspected or unsuspected, within the scope of the Agreement, up to and including the dates on which each Party executes this Agreement. The Parties acknowledge they may hereafter discover facts different from, or in addition to, those which they now know to be or believe to be true with respect to the Agreement, and the Parties agree this Agreement and the releases contained herein shall be and remain effective in all respects, notwithstanding such different or additional facts or the discovery thereof.

5.　　No Admission of Liability.  The Parties agree that nothing contained herein, and no action taken by any Party hereto with regard to the Agreement, shall be construed as an admission by any Party of liability for any purpose whatsoever.

6.　　Motion to Stay and Stipulation of Dismissal.  Within five (5) business days of the Effective Date, (a) the Parties will file a Joint Motion to Stay Proceedings in the Lawsuit, pending the satisfaction of Mesa's payment obligations in Paragraph 2 of this Agreement; and (b) counsel for the Parties will sign the Joint Stipulation of Dismissal with Prejudice, attached as Exhibit A, which shall be retained by Brett C. Painter, counsel for Defendants, to be filed in accordance with this Agreement.  Within ten (10) business days of Mesa's payment of the sixth and final installment of the Gross Settlement Amount, Mr. Painter will file the Joint Stipulation of Dismissal with Prejudice.

7.　　Warranties.  Each Plaintiff warrants and represents as follows:

a.　　Plaintiff has read this Agreement and agrees to the conditions and obligations set forth in it;

b.　　Plaintiff has had reasonable time to consider the terms of this Agreement, has had the opportunity to seek legal counsel, and, in fact, has obtained counsel with respect to this Agreement;

c.　　Plaintiff voluntarily executes this Agreement after having had full opportunity to consult with legal counsel and without being pressured or influenced by any statement or representation of any person acting on behalf of the Released Parties;

d.　　Plaintiff has not relied on any representation, either express or implied, either by statement or omission, by the Released Parties or their agents in deciding to enter into this Agreement;

e.　　Plaintiff has full and complete legal capacity to enter into this Agreement;

f.　　Plaintiff is not aware of any other claims or lawsuits filed or currently pending against any of the Released Parties;

g.　　As of the date of this Agreement, Plaintiff has not assigned Plaintiff's rights under this Agreement; and

h.　　Plaintiff admits, acknowledges, and agrees that upon receipt of the payments required pursuant to this Agreement, Plaintiff has received payment for all wages, compensation, bonuses, commissions, liquidated damages, vacation, stock, stock options, or other benefits from Defendants or the Released Parties that are or could be due to Plaintiff for any reason whatsoever.

- 3 -

8.    No Application.  Each Plaintiff agrees that he will not apply for any job or position as an employee, consultant, independent contractor, or otherwise, with Mesa.  Each Plaintiff warrants that no such applications are pending at the time this Agreement is executed.

9.    Non-Disparagement.  Each Plaintiff agrees not to make to any person any statement that disparages Defendants or reflects negatively on Defendants, including, but not limited to, statements regarding Mesa's financial condition, employment practices, or officers, directors, board members, committee members, employees, successors, affiliates, attorneys-in-fact, or agents.

10.    Assignment.  No assignment of the rights or obligations in this Agreement will be permitted unless it is in writing and signed by the Parties.

11.    Entire Agreement.  This Agreement constitutes the complete understanding between the undersigned concerning the subject matter herein.  This Agreement supersedes and replaces all other agreements, contracts, statements, representations, or understandings between or among the Parties, whether written or verbal.  The Parties acknowledge that there have been no promises or representations concerning the subject matter of this Agreement other than those set forth herein.  This Agreement cannot be altered, amended, or modified in any respect, except by a writing duly executed by the Parties.

12.    Severability.  If any provision of this Agreement is held illegal, invalid, or unenforceable, such holding shall not affect any other provision hereof.  In the event any provision is held illegal, invalid, or unenforceable, such provision shall be limited so as to give effect the intent of the Parties to the fullest extent permitted by applicable law.

13.    Interpretation.  This Agreement was negotiated and drafted at arms-length between counsel for the Parties, and, therefore, any rules requiring terms be interpreted against the drafter shall not apply.  The term "Paragraph" shall refer to the enumerated paragraphs of this Agreement.  The headings contained in this Agreement are for convenience of reference only and are not intended to limit the scope or affect the interpretation of any provision of this Agreement.

14.    Venue and Applicable Law.  This Agreement shall be interpreted and construed in accordance with the laws of the State of Colorado, without regard to its conflicts of law provisions.  Venue and jurisdiction will be in the Colorado state or federal courts.

15.    Counterparts and Facsimiles.  This Agreement can be signed in counterparts, which, taken together, will constitute the entire agreement.  Facsimile signatures will be treated as original signatures.

*[Signature Page Follows]*

- 4 -

IN WITNESS WHEREOF, the Parties have executed this Settlement and Release
Agreement on the dates written below.

JACK BAHR                                    OSCAR DEL TORO


_____                      _____
                    (date)                                        (date)


SEAN MCCLARY                                 DEWEY WAIT


_____                      _____
                    (date)                                        (date)


MESA PRODUCTION, LLC                         SCOTT HUSKEY


_____                      _____
                    (date)                                        (date)
By: _____

Title: _____


CHARLIE SCHMIDT


_____
                    (date)

Exhibit A

Stipulation of Dismissal